IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CAROL THOMPSON-WHITE,

        Plaintiff,

v.                                                        Civ. No. 04-0077 JP/LFG

VILLAGE OF ANGEL FIRE, NEW MEXICO;
A.L. CLANTON, Mayor and Village Council Member,
in his individual and official capacities;
JOHN D. HARRISON, in his individual and official capacities;
CHUCK HASFORD, Mayor Pro-Tem and Village Council
Member, in his individual and official capacities;
BONNIE BRASHEAR, Village Council Member,
in her individual and official capacities;
WILLIAM "HOOT" GIBSON, Village Council Member,
in his individual and official capacities;
RICHARD HILL, Village Council Member,
in his individual and official capacities;
DOE DEFENDANTS 1 THROUGH 5,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Plaintiff Carol Thompson-White filed suit against her former employer, the Defendant Village of Angel Fire, New Mexico, and six individual Defendants, after Defendants terminated Plaintiff's employment. On June 23, 2004, the six individual Defendants (the Mayor, the Village Administrator, and four members of the Village Council) filed a Motion to Dismiss or for Summary Judgment Based on Qualified Immunity (Doc. 14). The Court held a hearing on April 26, 2005 at which attorney Herbert M. Silverberg represented Plaintiff and attorney Randy S. Bartell represented Defendants. After thoroughly reviewing the briefs, the evidence, the oral advocacy by counsel, and the law, I concluded that the individual Defendants Motion to Dismiss or for Summary Judgment should be granted and I entered a Memorandum Opinion and Order to

that effect on July 6, 2005 (Doc. 33).  Plaintiff then filed on July 19, 2005 Plaintiff's Request for Reconsideration to Avoid Manifest Injustice (Doc. 35), which is the subject of this Memorandum Opinion and Order.

**I.      STANDARD OF REVIEW**

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. Computerized Thermal Imaging, Inc. v. Bloomberg, L.P., 312 F.3d 1292, 1296 n.3 (10th Cir. 2002) (citing Clough v. Rush, 959 F.2d 182, 186 n.4 (10th Cir. 1992)).  Instead, a motion to reconsider is treated as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) if it is filed within 10 days of the entry of judgment.  Id.  Because Plaintiff filed the motion within 10 working days of the entry of judgment in accordance with Fed. R. Civ. P. 6(a), the motion will be considered under Rule 59(e).  See also Dalton v. First Interstate Bank of Denver, 863 F.2d 702, 703 (10th Cir. 1988), ("This court has consistently held that regardless of how styled, a motion questioning the correctness of a judgment and timely made within ten days thereof will be treated under Rule 59(e).").

A Rule 59(e) motion for reconsideration should be granted only to correct manifest errors of law or to reflect newly discovered evidence.  Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997) (quoting Committee for the First Amendment v. Campbell, 962 F.2d 1517, 1523 (10th Cir. 1992)).  Rule 59(e) may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to judgment. 11 Wright, Miller & Kane, Federal Practice and Procedure Civil 2d §2810.1 at 127-28 (1995).  In determining what is manifest error for purposes of Rule 59(e), courts have found that mere disagreement with a court's findings does not constitute manifest error.  See, e. g., Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th

2

Cir. 1993); F. D. I. C. v. Cage, 810 F. Supp. 745, 747 (S. D. Miss. 1993). In light of their narrow purpose, Rule 59(e) motions are seldom granted. 11 Wright, Miller & Kane, Federal Practice and Procedure Civil 2d §2810.1 at 128. The district court is vested with considerable discretion in determining whether to grant or deny a Rule 59(e) motion. Phelps, 122 F. 3d at 1324.

## II. DISCUSSION

### A. Motion for Reconsideration

Plaintiff requests reconsideration to prevent manifest injustice and makes three arguments. First, Plaintiff contends the Court has conflated the tests for adequacy of the pre- and post- termination hearings. Plaintiff asserts, "Plaintiff is aware of no case holding that just because a pre-termination hearing meets the Loudermill requirements, it is sufficient to relieve an employer of significant post-termination due process responsibilities." Mot. at 2. Apparently, Plaintiff misread the analysis and ruling set forth in the Memorandum Opinion and Order. I did not rule that because Defendants satisfied the pre-termination Loudermill requirements Defendants met the constitutional standards. I stated, specifically, that I was not ruling on the constitutionality of the Village's procedures. Op. at 15, 28. The Memorandum Opinion and Order does explain that the pre-termination hearing afforded Plaintiff went far beyond the bare essentials of Loudermill and Defendants' overall procedural protections, including the post-termination hearing, were reviewed in the aggregate. Cases such as Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 547 (1985) and Benavidez v. City of Albuquerque, 101 F.3d 620, 626 (10th Cir. 1996), provide that pre- and post-termination hearings are considered together. Plaintiff did not mention Benavidez in her motion for reconsideration, let alone explain how it is manifest error for the Court to follow this binding precedent.

3

Second, Plaintiff argues that the Court has drawn improper inferences and has engaged in unwarranted speculation. Plaintiff states, "Permeating the Opinion is the assumption that if only the Plaintiff had asked the Village to abandon every key element of its official Personnel Ordinance in favor of her more comprehensive and conventional approach, the Village would gladly have done so." Mot. at 4. Plaintiff does not point to any particular language in the Memorandum Opinion and Order which contains this alleged "assumption" and demonstrates manifest error. To repeat, I did not make a finding regarding the overall constitutionality of the Village Code procedures. Instead, I decided that the law was not so clearly established as to deprive the individual Defendants of their qualified immunity. I did note that the right to counsel was not denied at the post-termination hearing. This remark is not premised on speculation; it is based on evidence in the record that Plaintiff's counsel was explicitly told, in writing, that he could attend the hearing and then he did not appear. Plaintiff, however, speculates that if Plaintiff's counsel had attended the hearing, he would have been barred from speaking. Plaintiff presents no textual reference to support this assertion.

Third, Plaintiff asserts that granting qualified immunity to the individual Defendants is manifestly unjust. Plaintiff explains, "At bottom, conferring qualified immunity on these Defendants means that a public entity can plead ignorance of the law as an excuse even though it admittedly has no idea of the factual or legal provenance of its untested termination scheme, has never bothered to research it, has stubbornly declined to do so even after the scheme has been challenged, cannot compare its scheme favorably to a single other scheme that has ever been approved by any court anywhere, and has numerous examples available to it of very different arrangements that adequately protect due process." Mot. at 7. Plaintiff's fear that defendants

4

will escape liability by mimicking ostriches and putting their heads in the sand is unfounded. The qualified immunity test, which I was required to employ in reaching my decision, is whether a constitutional right was clearly established at the time relevant to Plaintiff's claims. Following recent Tenth Circuit law, I concluded it was not clearly established. Lawrence v. Reed, 406 F.3d 1224, 1233 (10th Cir. 2005).

**B.      Amendments to the Complaint**

Plaintiff argues that the Court has not implemented the policy in favor of permitting amended complaints. Specifically, Plaintiff states, "Throughout its Opinion the Court gives numerous examples of perceived deficiencies in the Complaint, implying that at least some of the concerns that led it to rule against Plaintiff could be cured if only the matter had been pled properly." Mot. at 7. Plaintiff's motion for reconsideration does not point to where in the Memorandum Opinion and Order I allegedly perceived deficiencies in the Amended Complaint that could be corrected by further amendments. It is noteworthy that Plaintiff did amend the Complaint on February 20, 2004, and it is this Amended Complaint (Doc. 3) that I considered in deciding the dispositive motion. I did note that the Amended Complaint was not clear in requesting cross-examination and I explicitly made an inference in Plaintiff's favor on this issue at page 21 of the Memorandum Opinion and Order. Two claims, Counts II and IV, were decided under a motion to dismiss standard and I did find deficiencies in those counts in the Amended Complaint. However, after the lengthy hearing with counsel, I am confident that Plaintiff could not have further amended her Amended Complaint in order to survive a motion to dismiss, thus rendering futile any amendments to these claims.

Moreover, Plaintiff could have filed a motion to amend the Complaint under Fed. R. Civ. P. 15 and could have presented a proposed Second Amended Complaint at any point in this litigation, such as after reading the individual Defendants' Motion to Dismiss or for Summary Judgment Based on Qualified Immunity, which was filed more than a year before the Memorandum Opinion and Order was entered, or after the April 26, 2005 oral arguments before the Court. At the hearing on April 26, 2005, Plaintiff's counsel mentioned that he might ask to further amend. In the months following that hearing and before I filed the Memorandum Opinion and Order, Plaintiff did not file a motion to amend.

In sum, Plaintiff's motion for reconsideration has not shown a manifest error in law or newly discovered evidence. Instead, Plaintiff attempts to relitigate old matters, which is not a proper purpose under Rule 59(e). Therefore, Plaintiff's motion will be denied.

IT IS THEREFORE ORDERED THAT Plaintiff's Request for Reconsideration to Avoid Manifest Injustice on July 19, 2005 (Doc. 35) is DENIED.

*James A. Parker*
SENIOR UNITED STATES DISTRICT JUDGE